ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

FILED
AUG 17 2020
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

| | |
|---|---|
| JEFF BANKER and SAMMYE BANKER, <br><br> Plaintiffs, <br><br> v. <br><br> FIFTY PLUS RACING FOUNDATION, INC., OLTHOFF RACING, INC., DENNIS OLTHOFF, JOHN DOE and JOHN DOE CORPORATION <br><br> Defendants. | Civil Action File No. 1:20-cv-228 <br><br> (Parker/Steger) <br><br> JURY DEMAND |

## COMPLAINT

COME NOW Jeff Banker and Sammye Banker, and file this Complaint for personal injuries against Defendants Fifty Plus Racing Foundation, Inc., Olthoff Racing, Inc., Dennis Olthoff, John Doe and John Doe Corporation for compensatory and punitive damages, showing this Honorable Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Jeff Banker was injured as a result of an incident that occurred at the Chattanooga Motorcar Festival located at 98 Riverside Drive in Chattanooga, TN on October 11, 2019. Plaintiff Sammye Banker is his wife.

2.

Plaintiffs reside at 1725 Pitty Pat Ct. in Lilburn, GA and are residents and citizens of the state of Georgia.

3.

Defendant Fifty Plus Racing Foundation, Inc. ("Fifty Plus") is a domestic corporation existing under the laws of the state of Tennessee with its principal place of business at 801 Broad Street, Suite 200 in Chattanooga, TN and may be served through its registered agent Craig Taylor at 801 Broad Street, Suite 200, Chattanooga, TN 37402.

4.

Defendant Olthoff Racing, Inc. ("Olthoff Racing") is a foreign corporation existing under the laws of the state of North Carolina with its principal place of business at 150 Cobra Lane in Mount Ulla, NC and may be served through its registered agent Dennis Olthoff at 9950 Mooresville Road, Mount Ulla, NC 28125.

5.

Defendant Dennis Olthoff is a resident and citizen of North Carolina and may be served at his residence address at 9950 Mooresville Road, Mount Ulla, NC 28125.

6.

Defendants John Doe and John Doe Corporation are the unknown and unidentified people, entities and corporations that were involved in supervising, designing, implementing or constructing the traffic control measures and plastic barrier at issue in this litigation for the Chattanooga Motorcar Festival.

7.

There exists complete diversity among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332, and venue is proper in this Court.

## FACTS

9.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

10.

On October 11, 2019, Defendant Fifty Plus was responsible for organizing the Chattanooga Motorcar Festival and for all aspects of the race course in downtown

Chattanooga utilized for the time trials for vehicles racing in in the Chattanooga Motorcar Festival.

11.

Defendant Fifty Plus was the entity responsible for the supervision, design, implementation and construction of the traffic control measures for the race course for the Chattanooga Motorcar Festival.

12.

As part of the traffic control measures, plastic barriers without any sand or water in them were placed in and around the race course for the time trials for the vehicles racing in the Chattanooga Motorcar Festival.

13.

Defendant Olthoff, driving a racecar on behalf of Defendant Olthoff Racing, was driving at an excessive speed, failed to maintain control of his vehicle and crashed into a plastic barrier which did not have any sand or water in it.

14.

As a result of this incident, the plastic barrier was propelled outside the race course striking Plaintiff Jeff Banker causing him serious and permanent injuries requiring multiple surgeries.

## COUNT I – NEGLIGENCE, GROSS NEGLIGENCE, WILFUL AND WANTON CONDUCT AND RECKLESSNESS OF DEFENDANT FIFTY PLUS

15.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

16.

Defendant Fifty Plus was negligent, grossly negligent, engaged in wilful and wanton misconduct and was reckless and negligent *per se* in the following ways:

(a) Failing to supervise, design, implement and construct the race course in safe manner;

(b) Failing to follow the Uniform Manual of Traffic Control Devices in supervising, designing, implementing and constructing the race course;

(c) Failing to follow accepted industry standards and practices in supervising, designing, implementing and constructing the race course;

(d) Allowing an object that could be easily propelled outside the race course to be present on the course for a vehicle to strike knowing that

such an object posed a substantial risk to attendees in the vicinity of the course;

(e) Using plastic barriers without sand or water in them on the course knowing that such an object posed a substantial risk to attendees in the vicinity of the race course;

(f) Otherwise violating state laws and federal regulations governing race courses; and

(g) Otherwise failing to act as a reasonably prudent company under the circumstances.

17.

The incident at issue was the direct and proximate result of the negligence, gross negligence, willful and wanton misconduct, recklessness and negligence *per se* of Defendant Fifty Plus.

18.

As a direct and proximate cause of the negligence, gross negligence, wilful and wanton misconduct, recklessness and negligence *per se* of Defendant Fifty Plus, Jeff Banker suffered multiple orthopedic injuries and a closed head injury requiring multiple surgeries with losses including but not limited to past and future pain and suffering, disability, disfigurement, loss of enjoyment of life, past and

future medical expenses, past and future lost wages and loss of earning capacity, and Sammye Banker has suffered loss of consortium with her husband including loss of companionship, society and her relationship with him because of the injuries suffered by him in this incident.

19.

Defendant Fifty Plus is liable to Plaintiffs for all damages allowed by law for the injuries, damages and losses sustained as a result of the injuries suffered by Jeff Banker.

## COUNT II – NEGLIGENCE, GROSS NEGLIGENCE, WILFUL AND WANTON CONDUCT AND RECKLESSNESS OF DEFENDANT OLTHOFF

20.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

21.

Defendant Olthoff was negligent, grossly negligent, engaged in wilful and wanton misconduct and was reckless and negligent *per se* in the operation of his vehicle at issue in the following ways:

(a) Failing to exercise due care in the operation of his vehicle;

(b) Exceeding a safe speed under the conditions of the race course in his vehicle;

(c) Driving too fast for conditions;

(d) Failing to maintain control of his vehicle;

(e) Violating state driving statutes, regulations and ordinances; and

(f) Otherwise failing to operate his vehicle in a safe and prudent manner in view of the conditions that existed at the time of the incident.

22.

The incident at issue was the direct and proximate result of the negligence, gross negligence, willful and wanton misconduct, recklessness and negligence *per se* of Defendant Olthoff.

23.

As a direct and proximate cause of the negligence, gross negligence, wilful and wanton misconduct, recklessness and negligence *per se* of Defendant Olthoff, Jeff Banker suffered multiple orthopedic injuries and a closed head injury requiring multiple surgeries with losses including but not limited to past and future pain and suffering, disability, disfigurement, loss of enjoyment of life, past and future medical expenses, past and future lost wages and loss of earning capacity, and Sammye Banker has suffered loss of consortium with her husband including loss

of companionship, society and her relationship with him because of the injuries suffered by him in this incident.

24.

Defendant Olthoff is liable to Plaintiffs for all damages allowed by law for the injuries, damages and losses sustained as a result of the injuries suffered by Jeff Banker.

## COUNT III – NEGLIGENCE, GROSS NEGLIGENCE, WILFUL AND WANTON CONDUCT AND RECKLESSNESS OF DEFENDANT OLTHOFF RACING

25.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

26.

At all times material hereto, Defendant Olthoff was an employee or agent of Defendant Olthoff Racing and was driving his car on behalf of Olthoff Racing.

27.

At all times material hereto, Defendant Olthoff was acting within the course and scope of his employment or agency with Defendant Olthoff Racing.

28.

Defendant Olthoff Racing is liable for the actions and omissions of Defendant Olthoff pursuant to the doctrine of *respondeat superior* or agency.

29.

Defendant Olthoff Racing was also <u>independently</u> negligent, grossly negligent, engaged in wilful and wanton misconduct and was reckless and negligent *per se* in the following ways:

(h) Negligently hiring or contracting with Defendant Olthoff to drive the vehicle at issue in this case;

(i) Negligently training Defendant Olthoff;

(j) Negligently entrusting Defendant Olthoff to drive a race car;

(k) Negligently retaining Defendant Olthoff to drive the race car;

(l) Failing to supervise Defendant Olthoff;

(m) Failing to inspect, maintain and repair the race car in a safe and workmanlike fashion;

(n) Otherwise violating state laws and federal regulations governing race cars; and

(o) Otherwise failing to act as a reasonably prudent company under the circumstances.

30.

The incident at issue was the direct and proximate result of the negligence, gross negligence, willful and wanton misconduct, recklessness and negligence *per se* of Defendant Olthoff Racing.

31.

As a direct and proximate cause of the negligence, gross negligence, wilful and wanton misconduct, recklessness and negligence *per se* of Defendant Olthoff Racing, Jeff Banker suffered multiple orthopedic injuries and a closed head injury requiring multiple surgeries with losses including but not limited to past and future pain and suffering, disability, disfigurement, loss of enjoyment of life, past and future medical expenses, past and future lost wages and loss of earning capacity, and Sammye Banker has suffered loss of consortium with her husband including loss of companionship, society and her relationship with him because of the injuries suffered by him in this incident.

32.

Defendant Olthoff Racing is liable to Plaintiffs for all damages allowed by law for the injuries, damages and losses sustained as a result of the injuries suffered by Jeff Banker.

## COUNT IV – PUNITIVE DAMAGES

33.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

34.

Defendants' acts were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

35.

Accordingly, Defendants are liable to the Plaintiffs for punitive damages to punish, penalize and deter Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

(a)  A trial by jury;

(b)  For Summons and Complaint to issue against each Defendant;

(c)  For judgment against each Defendant for the damages set forth below:

   (1) Plaintiff Jeff Banker's past medical expenses in the amount of $500,000;

   (2) Plaintiff Jeff Banker's future medical expenses in the amount of $5 million dollars;

   (3) Plaintiff Jeff Banker's past lost wages in the amount of $100,000;

(4) Plaintiff Jeff Banker's future lost wages in the amount of $500,000;

(5) Plaintiff Jeff Banker's past pain and suffering in an amount of $5 million dollars;

(6) Plaintiff Jeff Banker's future pain and suffering in an amount of $5 million dollars;

(7) Plaintiff Sammye Banker's loss of consortium claim in an amount of $2.5 million dollars.

(d) For judgment against each Defendant for punitive damages as shown to be fair and appropriate at the trial of this case;

(e) Court costs, discretionary costs, and prejudgment interest; and

(f) For all such further and general relief which this Court deems just and proper.

Dated on August 13, 2020.

FRIED GOLDBERG LLC

*(signature)*

MICHAEL L. GOLDBERG
Tennessee BPR No.: 035863
(To be admitted Pro Hac Vice)
*ATTORNEYS FOR PLAINTIFFS*

Three Alliance Center
3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326
Telephone:  404-591-1800
Facsimile:   404-591-1801
Email:         michael@friedgoldberg.com